[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11186

Non-Argument Calendar

_____

SHELIA K. VARNEDOE,

Plaintiff-Appellant,

*versus*

POSTMASTER GENERAL,

Defendant-Appellee,

DENISE HOLGUIN,
Postmaster, Savannah GA, et. al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:18-cv-00067-WTM-CLR

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Shelia Varnedoe, proceeding pro se, appeals the district court's entry of summary judgment in favor of the Postmaster General on her employment retaliation claim, in which she alleged that she was given an unfavorable job assignment in retaliation for filing a discrimination complaint with the EEOC. After reviewing the record and the parties' briefs, we conclude that Varnedoe failed to present sufficient evidence that her protected activity was a factor in her job reassignment to create a genuine issue of material fact for trial. We therefore affirm.

## I.

Varnedoe worked for the United States Postal Service for more than 26 years, initially as a clerk and then, beginning in 2011, as a full-time mail carrier in Savannah, Georgia. Two days after Christmas in 2012, Varnedoe was assaulted while delivering mail. As a result of the assault, she developed Post-Traumatic Stress Disorder and was medically restricted from working as a mail carrier.

The Postal Service accommodated Varnedoe's restrictions by assigning her to a modified clerk position in the Savannah office, but despite being cleared to return to work full time, she was only given a few hours of work a day. Varnedoe objected to the part-time work assignment, which she believed was discriminatory based on her sex (female) and race (African American). She filed an informal complaint with the Equal Employment Opportunity Commission in September 2013, alleging that Caucasian males who were injured on the job as mail carriers and returned to work with medical restrictions were given full-time work.

Varnedoe and the Postal Service resolved her EEOC complaint by agreement. According to Varnedoe, she agreed to withdraw her EEOC complaint in exchange for a permanent full-time work assignment as a clerk in the Hinesville, Georgia post office. But although the Postal Service assigned Varnedoe to the Hinesville office and she withdrew her complaint as agreed, the Postal Service later stated that the Hinesville assignment had only been temporary. Less than a year after assigning Varnedoe to the job in Hinesville, the Postal Service reassigned her to a position in Statesboro, Georgia. The position in the Statesboro office was much less favorable than the Hinesville job, from Varnedoe's perspective, because it was much further from her home (about a 90-minute drive each way), had split days off (Wednesday and Sunday), and incorporated a two-hour (unpaid) lunch period that resulted in an extended working day.

Convinced that her work reassignment was in retaliation for her EEOC sex- and race-discrimination charge, Varnedoe initiated a second EEOC charge in March 2014, and eventually filed this lawsuit against the Postmaster General alleging employment retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.  The district court granted summary judgment for the Postmaster General, finding that Varnedoe failed to present any evidence that her 2013 EEOC complaint caused her work reassignment.  Varnedoe now appeals.

## II.

We review the district court's grant of summary judgment de novo, construing the facts and drawing all reasonable inferences in favor of the nonmoving party. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291–92 (11th Cir. 2012).  Summary judgment is appropriate when the record evidence shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

When the nonmoving party has the burden of proof at trial, the moving party is not required to support its summary judgment motion with evidence; it may meet its initial burden by pointing out to the district court that the nonmoving party lacks evidence supporting her case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party, who must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"

*Id.* at 324 (quoting Fed. R. Civ. P. 56). A "genuine issue for trial" exists only where the nonmoving party presents sufficient evidence for a jury to return a verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

To determine which facts are "material" for purposes of a summary judgment motion, we refer to the substantive law underlying the plaintiff's complaint. *Id.* at 248. Varnedoe's complaint alleged that the Postal Service retaliated against her for submitting an EEOC complaint, in violation of Title VII of the Civil Rights Act of 1964. Title VII provides, in part, that personnel actions affecting federal employees "shall be made free from any discrimination based on" race, color, or sex. 42 U.S.C. § 2000e-16(a). This language prohibits both discriminatory employment actions and retaliation for complaining about discrimination; "retaliation for complaining about prohibited forms of discrimination is itself 'discrimination' within the meaning of § 2000e-16(a)." *Babb v. Sec'y, Dep't of Veterans Affairs*, 992 F.3d 1193, 1203 (11th Cir. 2021).

To succeed on a Title VII retaliation claim, an employee must show that (1) she engaged in protected activity (by, for example, initiating an EEOC complaint); (2) she suffered an adverse action; and (3) a causal link exists between the protected activity and the adverse action. *Taylor v. Runyon*, 175 F.3d 861, 868 (11th Cir. 1999). Varnedoe unquestionably engaged in protected activity by initiating an EEOC complaint alleging discrimination based on race

and sex. *See id.* at 870. And we will assume for purposes of this appeal that a work reassignment that resulted in a longer working day and a 180-mile round-trip commute with no corresponding increase in pay "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," and therefore satisfies the requirement for an adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and quotation marks omitted); *see Babb*, 992 F.3d at 1208 (concluding that the *Burlington* standard applies in federal-sector retaliation cases).[1] But Varnedoe failed to submit any evidence whatsoever establishing a causal link between her EEOC complaint and her reassignment.

In federal-sector cases, of course, the employee is not required to show that her protected activity was the but-for cause of the adverse action; it is sufficient to show that her protected activity played a role in the adverse action. *Babb*, 992 F.3d at 1199, 1205. Moreover, if the employee makes this showing, the employer cannot escape liability by presenting evidence that it also had nondiscriminatory reasons for its action. *Id.* at 1204–05. That is because "even when there are non-pretextual reasons for an adverse

---

[1] Contrary to the Postmaster General's argument, Varnedoe was not required to show a material change in the terms or conditions of her employment to satisfy the "adverse action" element of her retaliation claim. As the Supreme Court explained more than 15 years ago, Title VII's protection against retaliation "is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington*, 548 U.S. at 64; *see Babb*, 992 F.3d at 1208.

employment decision—as the government says there are here—
the presence of those reasons doesn't cancel out the presence, and
the taint, of discriminatory considerations." *Id.* at 1204.

Here, however, Varnedoe failed to present evidence that her
protected activity played *any* role in her work reassignment. Her
argument in the district court and on appeal—to the extent that we
can discern an argument related to causation—seems to be that no
other legitimate reason for the reassignment existed. For example,
she attacks her supervisor's explanation that the Hinesville office
did not have enough work meeting her medical restrictions by
pointing to internal job postings that she contends undermine the
supervisor's testimony. Arguments in this vein, by which Varne-
doe seeks to discredit the evidence presented by the Postal Service,
are insufficient to raise a genuine issue for trial in the first instance.
*See Anderson*, 477 U.S. at 256–57 ("discredited testimony is not
[normally] considered a sufficient basis for drawing a contrary con-
clusion" (alteration in the original)). "Instead, the plaintiff must
present affirmative evidence in order to defeat a properly sup-
ported motion for summary judgment." *Id.* at 257.

Varnedoe presented no affirmative evidence of any kind
showing that her EEOC complaint was a factor in her work reas-
signment—or even that the supervisors responsible for the reas-
signment were aware of the EEOC complaint at the time of her
reassignment. The district court therefore did not err in granting
the Postal Service's motion for summary judgment on her Title VII

retaliation claim. *See id.* at 256–57; *see also Taylor*, 175 F.3d at 868–69.

### III.

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Because Varnedoe failed to present evidence from which a jury could find a causal link between her protected activity and the adverse employment action—an essential element of her retaliation claim—we AFFIRM the district court's entry of summary judgment in favor of the Postmaster General.

**AFFIRMED.**